Case 4:23-cr-00193   Document 1   Filed on 05/03/23 in TXSD   Page 1 of 8

United States Courts
Southern District of Texas
FILED
*May 03, 2023*
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| VS. | § § § | **CRIMINAL NO.** **4:23cr193** |
| **JORDAN LEE BOER** | § § | |

## INDICTMENT

The United States Grand Jury charges:

At all times material herein:

1.   The Federal Deposit Insurance Corporation (FDIC) was an agency of the federal government which insured the deposits of member banks against loss up to $100,000 with the purpose of preventing their collapse and instilling public confidence in the nation's banking institutions.

2.   Bank of America, including its branches, was a financial institution the deposits of which were insured by the FDIC.

3.   Wells Fargo Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

4.   Bank of Texas, including its branches, was a financial institution the deposits of which were insured by the FDIC.

5.   First Guaranty Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

6.   Lakeside Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

7.   Capital One Bank, including its branches, was a financial institution the deposits of

which were insured by the FDIC.

8. PNC Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

9. First National Bank of Louisiana, including its branches, was a financial institution the deposits of which were insured by the FDIC.

10. Prosperity Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

11. Texas First Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

12. Hometown Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

13. J.P. Morgan Chase Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

### COUNT 1
### (Conspiracy - 18 U.S.C. § 1349)

**A.   INTRODUCTION**

1. The Grand Jury adopts, realleges, and incorporates the allegations in paragraphs 1-13 of the Introduction of this Indictment as if set out fully herein.

**B.   THE CONSPIRACY AND ITS OBJECTS**

2. From on or about February 23, 2021 and continuing until at least on or about October 13, 2022, in the Houston Division of the Southern District of Texas and elsewhere,

**JORDAN LEE BOER,**

Defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with

others known and unknown to the Grand Jury to execute and attempt to execute a scheme and artifice to defraud Bank of America, Wells Fargo Bank, Bank of Texas, First Guaranty Bank, Lakeside Bank, Capital One Bank, PNC Bank, First National Bank of Louisiana, Prosperity Bank, Texas First Bank, Hometown Bank and J.P. Morgan Chase Bank, financial institutions the accounts of which were insured by the FDIC, and to obtain money, funds, and property under the custody and control of the above-listed financial institutions, by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344 (Bank Fraud);

**C.    THE MANNER AND MEANS OF THE CONSPIRACY**

The manner and means of the conspiracy were as follows:

3.    The conspirators unlawfully acquired checks which had been stolen from the United States Mails.

4.    The conspirators altered the name of the payees on the stolen checks and deposited them into accounts that they controlled.

5.    The conspirators forged endorsements on some of the checks so that they could be deposited into accounts controlled by the conspirators.

6.    The conspirators withdrew the proceeds of the stolen checks from the bank accounts of deposit.

7.    The conspirators unlawfully acquired and deposited stolen checks totaling at least $269,493.73.

**D.    OVERT ACTS**

8.    In furtherance of the conspiracy, and to affect the objects thereof, the conspirators performed and caused to be performed, among others, the overt acts set forth in Counts Two through Ten of this indictment, hereby re-alleged and incorporated as if fully set forth in this Count

of the indictment, as well as the overt acts listed below:

    a.    On or about December 13, 2021, a check in the amount of $16,634.00 drawn from the Bank of America account of Hybrid Auto Repair and Body Shop, LLC was deposited into the J.P. Morgan Chase Bank account of M.D.H.

    b.    On or about February 1, 2022, a check in the amount of $6,434.57 drawn from the Capital One Bank account of Lake Charles Wholesale Furniture, LLC was deposited into the PNC Bank account of J.B.

    c.    On or about February 9, 2022, a check in the amount of $8,624.36 drawn from the Capital One Bank account of Lake Charles Wholesale Furniture, LLC was deposited into the PNC Bank account of J.B.

    d.    On or about August 17, 2022, a check in the amount of $11,967.60 drawn from the Lakeside Bank account of the Townsley Law Firm was deposited into the Bank of America account of D.S.

    e.    On or about August 18, 2022, a check in the amount of $4,250 drawn from the Lakeside Bank account of the Townsley Law Firm was deposited into the Bank of America account of J.D.T.

    f.    On or about August 18, 2022, a check in the amount of $3,500 drawn from the Lakeside Bank account of the Townsley Law Firm was deposited into the Bank of America account of J.D.T.

    g.    On or about August 25, 2022, a check in the amount of $1,717.32 drawn from the Lakeside Bank account of the Townsley Law Firm was deposited into the Bank of America account of J.D.T.

    h.    On or about September 5, 2022, a check in the amount of $15,000 drawn from the J.P. Morgan Chase Bank account of T.F. was deposited into the Bank of America account of D.S.

      i.      On or about September 6, 2022, a check in the amount of $7,963.75 drawn on the J.P. Morgan Chase Bank account of T.F. was deposited into the Wells Fargo Bank account of A. L.

      j.      On or about October 19, 2022, a check in the amount of $15,000 drawn from the First Federal Bank account of S.W. was deposited into the Navy Federal Credit Union account of S.T.Y.

In violation of Title 18, United States Code, Section 1349.

## COUNTS 2- 10
### (Bank Fraud - 18 U.S.C. § 1344)

**A.**    **INTRODUCTION**

    1.    The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1- 13 of the Introduction of this Indictment as if set out fully herein.

**B.**    **THE SCHEME AND ARTIFICE TO DEFRAUD**

    2.    From on or about February 23, 2021 and continuing at least until on or about October 13, 2022, in the Houston Division of the Southern District of Texas and elsewhere,

**JORDAN LEE BOER,**

Defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud Bank of America, Wells Fargo Bank, Bank of Texas, First Guaranty Bank, Lakeside Bank, Capital One Bank, PNC Bank, First National Bank of Louisiana, Prosperity Bank, Texas First Bank, Hometown Bank and J.P. Morgan Chase Bank, financial institutions the deposits of which were insured by the FDIC, and to obtain moneys and funds owned by and under the custody and control of the above-listed financial institutions, by means of false and fraudulent pretenses, representations, and promises as further set forth in the counts below.

C. **THE MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD**

3. Among the manner and means by which the Defendants sought to accomplish and did accomplish the purpose of the scheme to defraud are the acts set forth in paragraphs 3 through 7 of Count One of this Indictment, hereby re-alleged and incorporated as if fully set forth in these counts.

D. **EXECUTION OF THE SCHEME AND ARTIFICE**

4. On or about the following dates, in the Houston Division of the Southern District of Texas, the Defendant executed and attempted to execute the scheme and artifice set forth above by knowingly and fraudulently conducting the following transactions, by depositing stolen checks into his Bank of America account as described in the Counts below:

| COUNT | DATE OF DEPOSIT | AMOUNT OF CHECK | DESCRIPTION OF CHECK |
|---|---|---|---|
| TWO | August 16, 2022 | $12,206.25 | Drawn on the First Guaranty Bank account of Benjamin Luke Abstract and Title |
| THREE | August 25, 2022 | $2,400 | Drawn on the Lakeside Bank account of Townsley Law Firm |
| FOUR | August 30, 2022 | $16,800 | Drawn on the Capital One Bank account of the Golden Nugget Casino |
| FIVE | September 2, 2022 | $12,511.81 | Drawn on the PNC Bank account of CLE Clothing Co. |
| SIX | September 6, 2022 | $4,188.00 | Drawn on the First National Bank of Louisiana account of Care Choice of Boerne |
| SEVEN | September 6, 2022 | $3,338.14 | Drawn on the First National Bank of Louisiana account of Care Choice of Boerne |
| EIGHT | September 9, 2022 | $1,659.55 | Drawn on the First National Bank of Louisiana account of AAMCO Transmission |
| NINE | September 9, 2022 | $2,417.30 | Drawn on the First National Bank of Louisiana account of AAMCO |

| | | | Transmission |
|---|---|---|---|
| TEN | September 26, 2022 | $14,000.19 | Drawn on the Prosperity Bank account of M.L. |

In violation of Title 18, United States Code, Sections 1344 and 2.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(6))

Pursuant to Title 18, United States Code, Section 982(a)(6), the United States gives notice to the defendant,

**JORDAN LEE BOER,**

that in the event of conviction of the offenses charged in Counts One through Ten of this Indictment, the United States intends to seek forfeiture of all conveyances used in and of all property used to facilitate, or intended to be used to facilitate, the commission of the offenses.

### Money Judgment and Substitute Assets

The United States gives notice that it will seek a money judgment against the defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendants up to the value of the property subject to forfeiture.

TRUE BILL

**Original Signature on File**
FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
United States Attorney

_____
JAY HILEMAN
Assistant United States Attorney